### COCHENOUR et al. v. RIESER.

(Supreme Court, Appellate Term. April 10, 1908.)

1. ACCORD AND SATISFACTION—NATURE.

Accord and satisfaction is the substitution of some sum in satisfaction of a disputed claim that is due.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Accord and Satisfaction, § 1.

For other definitions, see Words and Phrases, vol. 1, pp. 81–84; vol. 8, p. 7561.]

2. SAME—EVIDENCE—SUFFICIENCY.

In an action to recover for repairs made on defendant's boilers, evidence *held* insufficient to show an accord and satisfaction.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by William M. Cochenour and another against M. Gustine Rieser. From a judgment for plaintiffs, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and SEABURY and DAYTON, JJ.

Lawrence Goldberg, for appellant.

Matthias Radin, for respondents.

DAYTON, J. The boilers in question were put in use by the owners without inspection or test by the architect. The premises became partly occupied, and five or six weeks later, evidently through the carelessness of defendant's watchman or janitor, the boilers were injured, and plaintiffs were directed to make the repairs for which this action is brought. Defendant refused to pay for these repairs for lack of the architect's certificate concerning them, and on September 6, 1907, the parties met and there was a full discussion. Defendant again refused to pay for these repairs, but made a payment of part cash and part note, saying to plaintiffs:

"You must understand it is in full payment of everything I owe you on the job. Both gentlemen said: 'Yes; I understand it so.' Then I [the defendant] got a summons the day after the note was paid."

Defendant denied that he had ordered the steam on, and said he directed the janitor to have nothing to do with the steam, but subse-

quently said that he had no janitor, that he was trying to get one, and had a man in lieu of a janitor temporarily employed. Plaintiffs' testimony is to the effect that arbitration, and not settlement was talked at this interview, but was not consented to; and the version of the interview given by plaintiffs is not specifically denied by the defendant, although he swears he does not remember any remark about a "full settlement." On September 6, 1907, defendant paid plaintiffs on architect's certificates $426.50, by his check for $126.50 and his note for $300, due November 1, 1907, with interest, but did not include this extra work.

Accord and satisfaction is the substitution of some sum in satisfaction of a disputed claim that is due. If the defendant is correct in his testimony, the plaintiffs wholly waived their claim for this extra work in order to obtain the sum concededly due on the architect's certificates. This is not probable. The acceptance of the check and note could afford no consideration for accord and satisfaction, as there was no dispute concerning the amount, for which defendant was incontestably liable, and for which they were given. Nothing was paid or promised for all or any part of this extra work. It would seem that the defendant failed to convince the trial judge by a preponderance of evidence that an accord and satisfaction had been established. On the whole case the judgment was right, and should be affirmed.

Judgment affirmed, with costs. All concur.